IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

SOUDANI ALEXIS,

    Plaintiff,

      v.

ALBERTINI & DARBY, *et al.*,

    Defendants.

          CIVIL NO.: WDQ-11-0113

MEMORANDUM OPINION

    Soudani Alexis, *pro se*, sued Albertini & Darby and others,[1] apparently alleging legal malpractice in violation of 42 U.S.C. §§ 1981 and 1985. Pending are three Defendants' motion to dismiss and Alexis's motion in limine and motion for an order to show cause. For the following reasons, the Court will dismiss the complaint against all Defendants and deny as moot Alexis's motion in limine and motion for an order to show cause.

---

[1] The complaint also named Patrick Wysong, P. Matthew Darby, and Guy Albertini. Compl. 1.

I. Background[2]

Alexis, who was not born in the United States, is a truck driver and heavy equipment operator. ECF No. 21 at 2. On November 13, 2003, a machine cut Alexis's fingers. *Id.* He hired the Defendants to represent him in a lawsuit seeking compensation for the accident. *Id.* On April 18, 2007, Wysong and Darby filed suit on Alexis's behalf in the Circuit Court for Baltimore City.[3] On January 10, 2008, the Defendants dismissed the case without Alexis's consent. Electronic Case Record; Compl. 4.

---

[2] For the motion to dismiss, the well-pled allegations in the complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Because Alexis pled few facts, the Court draws much of the background from a letter he filed June 24, 2011, "to clarify the situation [he has] with these [Defendants]." ECF No. 21 at 2. The letter serves only as context; the Court will not consider it in reviewing the motion to dismiss because the letter was not attached to the complaint or the motion. *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Although other circuits consider all a *pro se* litigant's filings in reviewing a motion to dismiss, *see, e.g., Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), the Fourth Circuit has not adopted this practice. If the complaint were supplemented with the allegations in the letter, it would still fail to state a claim.

[3] *See* Electronic Case Record, *Soudani Alexis v. Jean Julien*, Case No. 09-C-07-014942, Circuit Court for Dorchester County, *available at* http://casesearch.courts.state.md.us (search for case number 09C07014942 in Dorchester County Circuit Court) [hereinafter Electronic Case Record]. The case was transferred to the Circuit Court for Dorchester County. *Id.* The state case is cited in the complaint and the motion to dismiss. Compl. 3; ECF No. 18, Ex. 1 at 2.

On January 12, 2011, Alexis filed this suit. His complaint consists of sentence fragments describing the Defendants as racist bigots who acted "ungodly," "defied all laws of common decency," and did not "give a darn about [his] [p]erson." Compl. 2-4.[4] Alexis seems to allege that the "fraudfeasor" Defendants breached their contract by committing malpractice, in violation of U.S.C. § 1981, and conspired to deny his civil rights, in violation of 42 U.S.C. § 1985.[5] Compl. 3.

By May 6, 2011, none of the Defendants had been served with the complaint. ECF. No. 15 at 1. The Court granted Alexis 21 days to complete U.S. Marshal forms and return them to the Clerk. *Id.* at 2. The Court warned that failure to return the forms "in a timely and complete manner" could "result in dismissal of this case without prejudice and without further notice from the Court." *Id.* On May 13, 2011, Alexis filed new forms for Albertini, Darby, and Wysong. ECF No. 16, Ex. 1. On

---

[4] For example, paragraph 5 of the complaint reads

{ 05 }. 42 U.S.C.A. sec. 1981(c). Intentional – "Vexatious, "Racially – "Related,. "UNCONSTITUTIONAL – "IMPAIRMENT,. "Yes, Listed DEFENDANT(S)', did also deliberately, impair my "Inalienable "Civil – "Liberty, to have Lawfully, / "Litigated, to fight for JUSTICE,. For the "Vexatious "IRREPARABLE – "DAMAGE(S),. To, my [ 03 ], finger's on my left hand,.

[5] He asserts that, because of his nationality and skin color, his contingent fee agreement "wasn't worth the ink that was wasted [d]rawing it up." Compl. 3.

May 18, 2011, those Defendants were served. ECF No. 17; ECF No. 18, Ex. 1 at 1.

On June 8, 2011, Wysong, Darby, and Albertini moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. ECF No. 18. On June 24, 2011, Alexis opposed that motion, ECF No. 20, and filed the motion for an order to show cause, ECF No. 22, and the motion in limine, ECF No. 23. On July 11, 2011, the Defendants replied to Alexis's opposition to the motion to dismiss, ECF No. 25, and opposed Alexis's motion in limine, ECF No. 26, and motion for an order to show case, ECF No. 27.[6]

II. Analysis

A. Motion to Dismiss

1. Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the

---

[6] Alexis did not reply to the Defendants' opposition to the motion in limine and motion for order to show cause; the time for replies has passed. *See* Local Rule 105.2 (reply must be filed within 14 days after service of the opposition).

4

pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id.* (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

2. Defendants' Motion to Dismiss

The Defendants argue that Alexis's complaint alleges no facts and amounts to "nothing more than . . . conclusions and unwarranted deductions." ECF No. 18, Ex. 1 at 2.

Courts must construe *pro se* complaints liberally but need not "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "District judges are not mind readers"; "they cannot be expected to construct full blown claims from sentence fragments." *Id.*

The sentence fragments in Alexis's complaint fail to state a claim. In alleging fraud,[7] conspiracy, and breach of contract, Alexis has merely stated legal conclusions, which "can provide

---

[7] The Court interprets Alexis's reference to the "fraudfeasor" Defendants as a claim for fraud. Compl. 3.

6

the framework of a complaint," but "must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. Alexis's only relevant factual allegation is that the Defendants dismissed his state lawsuit without his consent. Compl. 4. This does not allege facts necessary to plead fraud,[8] breach of contract,[9] or violations of §§ 1981[10] and 1985.[11] Because Alexis has failed to

---

[8] Fed. R. Civ. P. 9(b) requires the plaintiff to "state with particularity the circumstances constituting fraud." These circumstances include the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (internal citation and quotation marks omitted). Alexis has pled none of these.

[9] Under Maryland law, a breach of contract claim requires a showing of a contractual obligation, breach, and damages. *Kumar v. Dhanda*, 198 Md. App. 337, 345, 17 A.3d 744, 749 (2011). Alexis has provided no details of the contract he asserts was breached.

[10] Section 1981 guarantees that all citizens shall have the same right to "make and enforce contracts . . . as is enjoyed by [Caucasian] citizens." 42 U.S.C. § 1981. To establish a § 1981 case of discrimination, Alexis must show that (1) he is a member of a protected class, (2) he had a contract with the Defendants, (3) he fulfilled his obligations under the contract, and (4) under the contract, the Defendants treated him differently than they treated people who are not in the protected class. *See Murrell v. Ocean Mecca Motel, Inc.*, 262 F.3d 253, 257 (4th Cir. 2001). Alexis has offered no facts in support of his conclusionary allegation that the Defendants treated him differently because of his skin color.

[11] To state a § 1985 conspiracy claim, a plaintiff must plead

(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4)

allege facts that support each element of his claims, *see Bass*, 324 F.3d at 764-65, the Court must grant the Defendants' motion to dismiss.[12]

B. Failure to Serve Darby & Albertini

Fed. R. Civ. P. 4(m) provides that, "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." More than 120 days have passed since Alexis filed his complaint on January 12, 2011. The Court previously granted Alexis additional time to serve Darby & Albertini and warned that failure to serve that defendant could result in dismissal of the case against it. ECF No. 15. Because Alexis has not served Darby & Albertini, the Court will dismiss the claims against it.

---

and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the Defendants in connection with the conspiracy.

*Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). Alexis has pled no facts showing a conspiracy to injure him.

[12] Because the Court will dismiss the claims against the Defendants, Alexis's motion in limine and motion for an order to show cause will be denied as moot.

III. Conclusion

For the reasons stated above, the complaint will be dismissed, and Alexis's motion in limine and motion for an order to show cause will be denied as moot.

10/12/11
Date

William D. Quarles, Jr.
United States District Judge